IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

V.D.,

    **Plaintiff,**

v.                                                                          No. 20-cv-0549 SMV/GBW

PATRICK HOWARD, JED HENDEE,
DAVID CARILLO, JIM BROOKOVER,
JESSICA GUTE, and
LAS CRUCES PUBLIC SCHOOLS,

    **Defendants.**[1]

## ORDER PERMITTING PLAINTIFF TO PROCEED ANONYMOUSLY

THIS MATTER is before the Court sua sponte. On June 5, 2020, Plaintiff filed her Complaint anonymously, i.e., under her initials, V.D. [Doc. 1]. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *See M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803.

---

[1] In their Answer, Defendants state that Defendant Jed Hendee passed away on or about May 16, 2020. [Doc. 35] at 1, ¶ 1.

In the Complaint, Plaintiff explained that she used her initials instead of her name because of "nature of the Complaint and the fact that she is a victim of sexual harassment and severe retaliation directly resulting from the sexual harassment." [Doc. 1] at 2 n.1. Although Plaintiff is now an adult, she alleges that Defendant Howard sexually harassed her when she was a minor and he was her schoolteacher and that multiple school employees retaliated against her for reporting Defendant Howard. *Id.* at 3–8. Plaintiff further explained that "[t]hus far, Plaintiff's identity has been kept confidential from the public. The public would not benefit from disclosure of V.D.'s legal name." *Id.* at 2 n.1. Importantly, Plaintiff also asserted that "Defendants are aware of V.D.'s identity and are not prejudiced by V.D. proceeding as Plaintiff identified only by her initials." *Id.* Since the filing of the Complaint, all the Defendants have answered. *See* [Docs. 33, 35]. Defendants have not complained that they lack knowledge of Plaintiff's identity or taken issue with the intent to protect Plaintiff's identity from public disclosure. *See* [Docs. 33, 35]. In fact, Defendant Howard appears to admit knowledge of Plaintiff's identity because he admits that he was one of her teachers during the 2017–2018 school year. [Doc. 33] at 5, ¶ 19; [Doc. 1] at 4, ¶ 19. Given the parties' agreement, as well as the interest in maintaining the privacy of minors who are sexual harassment victims, the Court finds anonymity outweighs the public interest in favor of openness in this case. The Court further finds no prejudice to Defendants—i.e., Defendants have not been hampered in their efforts to investigate and defend against Plaintiff's allegations. Therefore, the Court will grant Plaintiff permission to proceed anonymously in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff may proceed anonymously in this matter.

**IT IS FURTHER ORDERED** that Plaintiff file, no later than **July 20, 2021**, a complaint under seal that places on the record Plaintiff's real name as the party in interest. *See W.N.J. v.*

*Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter."). In all other filings, Plaintiff may proceed as "V.D."

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**